IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUCHANAN LOGISTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE |
| | ) NO.: CV-25-4860 |
| SAMSON FABRICATORS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff BUCHANAN LOGISTICS, INC., by and through its undersigned counsel, hereby submits its Complaint against Defendant SAMSON FABRICATORS, LLC as follows:

### PARTIES, JURISDICTION AND VENUE

1.) Plaintiff, BUCHANAN LOGISTICS, INC. ("Plaintiff" or "Buchanan") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of Indiana.

2.) Defendant SAMSON FABRICATORS, LLC ("Defendant" or "SAMSON") is upon information and belief a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

3.) Defendant may be served via its Registered Agent, Sam Morse, at 575 Tone Road, Freeport, Texas 77541.

1

4.)     This case comes within this Court's jurisdiction pursuant to 28 U.S.C. § 1332 as the Plaintiff and Defendant are citizens of different states and the amount at issue exceeds jurisdictional requirements.

5.)     This Complaint seeks recovery of unpaid charges for transportation services performed by Buchanan at the request of and for the account of Defendant and/or Defendant's customers.

6.)     As is more fully set forth hereinbelow, this action is for breach of contract arising from Defendant's failure to pay freight charges incurred under contracts with Buchanan for transportation of goods in interstate commerce.

7.)     The total amount currently owing by Defendant to Buchanan, exclusive of interests, costs, and attorneys' fees, is $86,070.00.

8.)     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

9.) Buchanan and Defendant were parties to a contract or series of contracts by which Defendant tendered certain freight to Buchanan for transportation in interstate commerce or arranged for shipment of said freight with Buchanan.

10.)    Defendant, directly or by and through its agents or others acting on its behalf or at its direction, consigned or arranged for freight owned by Defendant or Defendant's customers to Buchanan for transportation in interstate commerce pursuant to contracts between the parties for the transportation of such freight.

2

11.) Pursuant to the contracts entered into by the parties, and over a period of time, Defendant, directly or by and through its agents or others acting on its behalf or at its direction, tendered certain freight to Buchanan for transport in interstate commerce or arranged for shipment of said freight with Buchanan, and such freight was duly transported and delivered by Buchanan as requested by Defendant.

12.) Buchanan has complied with its obligations under the contracts with Defendant by transporting freight assigned to it by Defendant.

13.) Despite Buchanan's performance of its obligations under the contracts, Defendant has failed to pay legitimate freight charges incurred in the transportation of said freight.

14.) As a result, Defendant is in material breach of the contracts with Buchanan.

15.) As a direct and proximate result of Defendant's breach of contract, Buchanan has suffered and is entitled to recover damages from Defendant in the amount of $86,070.00.

16.) Buchanan is further entitled to recover prejudgment and post-judgment interest from Defendant.

### FOR A SECOND CAUSE OF ACTION PLED IN THE ALTERNATIVE TO COUNT ONE
**(Open Account)**

17.) Buchanan and Defendant were parties to a series of agreements by which Defendant tendered certain freight to Buchanan for transportation in interstate commerce or arranged for shipment of said freight with Buchanan.

18.) In connection with the agreements, Buchanan extended credit to Defendant for the shipping costs associated with the transportation of said freight.

19.) Defendant, directly or by and through its agents or others acting on its behalf or at its direction, consigned freight owned by Defendant or Defendant's customers to Buchanan for

transportation in interstate commerce pursuant to the agreements and Buchanan's extension of credit.

20.) Buchanan has complied with its obligations under the agreements with Defendant by transporting freight assigned to it by Defendant.

21.) Despite Buchanan's performance of its obligations under the agreements, Defendant has failed to pay legitimate freight charges incurred in the transportation of said freight.

22.) Defendant owes Buchanan $86,070.00 in open accounts. A copy of the statement of account is attached hereto as **EXHIBIT A**.

23.) Buchanan has demanded payment of the amount owing by Defendant, but Defendant has not paid this amount, or any part of it, and the whole amount is due and payable to Buchanan.

24.) By reason of the foregoing, Buchanan has been directly and proximately damaged by Defendant's failure to pay the amounts owing on its open accounts and is entitled to recover the same from Defendant.

### FOR A THIRD CAUSE OF ACTION PLED IN THE ALTERNATIVE TO COUNT ONE
**(Unjust Enrichment)**

25.) Defendant, directly or by and through its agents or others acting on its behalf or at its direction, consigned freight owned by Defendant or Defendant's customers to Buchanan for transportation in interstate commerce with the expectation that they would pay Buchanan for its services.

26.) Buchanan provided transportation and logistics services for the benefit of Defendant, and these services were accepted, used and enjoyed, and/or the benefits of these services were otherwise realized by Defendant.

5639324.1

27.) The retention of the benefits of such services by Defendant would, under the circumstances, make it inequitable for Defendant to retain the same without paying the value thereof.

28.) The reasonable value of such services provided by Buchanan that remains unpaid by Defendant is $86,070.00.

29.) Despite demands, Defendant has refused and continue to unreasonably refuse to pay Buchanan the money owed for the services provided.

30.) Under the doctrine of *unjust enrichment*, Buchanan is entitled to recover against Defendant the sum of $86,070.00, together with interest, costs and disbursements, and attorneys' fees as may be allowed.

**FOR A FOURTH CAUSE OF ACTION PLED IN THE ALTERNATIVE TO COUNT ONE**
(*Quantum Meruit*)

31.) Defendant, directly or by and through its agents or others acting on its behalf or at its direction, consigned freight owned by Defendant or Defendant's customers to Buchanan for transportation in interstate commerce with the expectation that they would pay Buchanan for its services.

32.) With the knowledge, authorization and/or consent of Defendant, Buchanan agreed to provide transportation and logistics services to Defendant.

33.) Said services furnished by Buchanan were accepted, used and enjoyed by Defendant, or the benefits of said services were otherwise realized by Defendant.

34.) By furnishing said services, Buchanan conferred a benefit upon Defendant for which Buchanan is entitled to be compensated.

35.) Defendant has enjoyed the use and benefits of the services furnished by Buchanan under the circumstances described hereinabove.

36.) At the time Buchanan furnished the services for the benefit of Defendant, Buchanan reasonably expected to be paid therefor and Defendant voluntarily and knowingly accepted the benefit of the services furnished by Buchanan with full knowledge and reason to know that Buchanan expected to be paid therefor.

37.) If Buchanan is not compensated for the reasonable value of the services as alleged herein, then Defendant will be unjustly enriched.

38.) As a result of the foregoing, Defendant is liable to Buchanan in *quantum meruit* for the reasonable value of the services for which Buchanan has not been paid, in the amount of $86,070.00, together with interest, costs and disbursements, and attorneys' fees as may be allowed.

WHEREFORE, the Plaintiff, having fully complained against Defendant, prays for judgment against Defendant to include its actual damages, costs and disbursements, prejudgment and post-judgment interest, and for such other and further relief as the Court may find just and proper.

Respectfully submitted this 10th day of October, 2025.

/s/C. Fredric Marcinak
C. Fredric Marcinak (SC Bar #9816)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Fred.Marcinak@momarlaw.com
*Attorney for Plaintiff*